# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MARY HAMILTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO.: 1:16-CV-399-TLS |
| | ) |
| NEW HORIZONS HOME | ) |
| HEALTHCARE LIMITED LIABILITY | ) |
| COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Defendant New Horizons Home Healthcare Limited Liability Company's Motion for Summary Judgment [ECF No. 19] filed on May 31, 2018. Plaintiff Mary Hamilton responded [ECF No. 21] on July 2, 2018, and the Defendant replied [ECF No. 23] on July 18, 2018. The Defendant has moved for summary judgment on the federal claims involved in this case but did not move on the Plaintiff's claim for violations of Indiana common law. In the event that the Court grants summary judgment as to the federal claims, the Defendant requests that the Court remand the remaining state law claim to state court.

## FACTUAL BACKGROUND

The Plaintiff was formerly employed by the Defendant as a client coordinator, beginning in August 2014. The Plaintiff's close friend, Chelsey Sorah, was also employed by the Defendant as a human resources coordinator. In April 2015, Sorah began a period of leave due to complications with a pregnancy. In late June, the Defendant asserts that it discovered that, despite having not returned to work, Sorah had worked a number of shifts as a caregiver that had

been assigned to the Plaintiff. Sorah's name did not appear on the Defendant's caregiver schedule, nor was she paid by the Defendant for these shifts. Rather, the Defendant paid the Plaintiff for the shifts, and the Plaintiff paid Sorah in cash. The Defendant claims that it had no prior knowledge of this arrangement between Sorah and the Plaintiff and that, upon discovering it, reported the incidents to the State of Indiana, which concluded that Sorah had committed Medicaid fraud. The Plaintiff, however, asserts that the Defendant was fully aware and even approved of the arrangement. The Defendant subsequently terminated Sorah and reprimanded the Plaintiff for her role in the work arrangement.

After her termination, Sorah filed a claim for unemployment benefits with the Indiana Department of Workforce Development ("IDWD") as well as charges of discrimination against the Defendant with the Equal Opportunity Employment Commission ("EEOC"), alleging violation of the Pregnancy Discrimination Act ("PDA"), the Family Medical Leave Act ("FMLA"), and the Americans with Disabilities Act ("ADA"). Sorah filed her EEOC complaint on August 27, 2015. The Defendant contested Sorah's claim for unemployment benefits.

The IDWD held a hearing regarding Sorah's claim for unemployment benefits on September 30, 2015. After hearing testimony regarding the work arrangement at issue, the administrative law judge ("ALJ") presiding over the hearing asked to speak with the Plaintiff. The ALJ asked the Plaintiff only whether her work arrangement with Sorah had been approved by management. The Plaintiff answered affirmatively, contradicting the Defendant's assertion that it had no knowledge of the arrangement prior to the end of June. The ALJ did not ask the Plaintiff any further questions, and the Plaintiff did not offer any further testimony. The ALJ did not inquire of anybody regarding the claims of discrimination Sorah filed with the EEOC, and

there is no indication of record that prior to the IDWD hearing the Plaintiff was even aware that Sorah had filed EEOC claims.

Immediately following the IDWD hearing, Jerome Metz, the Defendant's owner, as well as two other members of the Defendant's management discussed the Plaintiff's testimony and determined that the Plaintiff had falsified her testimony for the purpose of helping her friend obtain unemployment benefits. The Plaintiff was presented with a write up, but she refused to sign it, maintaining that her testimony was truthful. Later that day, on October 1, 2015, the Defendant terminated the Plaintiff.

The Plaintiff filed her Complaint against the Defendant on November 28, 2016 [ECF No. 1], alleging retaliation in violation of Title VII, the ADA, and Indiana Common Law. She asserts that she was terminated for telling the truth at the IDWD regarding the work arrangement between her and Sorah.

## STANDARD OF REVIEW

Summary judgment is proper where the evidence of record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute that precludes summary judgment. *Id.* at 324. "[A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). If the non-

movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material issue, then the Court must enter summary judgment against it. *Id.*

## ANALYSIS

Title VII prohibits an employer from "discriminat[ing] against any individual . . . because he has opposed any practice made an unlawful employment practice by [Title VII] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3 (a). It is also unlawful under the ADA to "coerce, intimidate, or interfere with any individual . . . on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b).

A Plaintiff may prove retaliation using either the direct or indirect method of proof. *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008). "To survive a summary judgment motion using the direct method, 'the plaintiff must present direct evidence of (1) a statutorily protected activity; (2) an adverse employment action taken by the employer; and (3) a causal connection between the two.'" *Lloyd v. Mayor, City of Peru*, No. 3:15-cv-624, 2018 WL 2445566, at *3 (N.D. Ind. May 29, 2018) (quoting *Davis v. Con-Way Transp. Cent. Express, Inc.*, 368 F.3d 776, 786 (7th Cir. 2003)). To establish a prima facie case of retaliation under the indirect method, the Plaintiff must show that she (1) engaged in statutorily protected activity; (2) suffered a materially adverse action; (3) met her employer's legitimate expectations, i.e., was performing her job satisfactorily; and (4) was treated less favorably than some similarly situated employee who did not engage in statutorily protected activity. *Argyropoulos*, 539 F.3d at 733. "[F]ailure to establish any one element of the prima facie case is fatal to an employee's

4

retaliation claim." *Atanus v. Perry*, 520 F.3d 662, 677 (7th Cir. 2008) (quoting *Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 560 (7th Cir. 2004)). But if the employee establishes a prima facie case, the burden shifts to the employer to offer a legitimate, non-discriminatory reason for the adverse employment action. *Id.* The burden then shifts back to the employee to demonstrate that the employer's reason is pretextual. *Id.*

In this case, the Plaintiff chooses to argue her claims under the direct method of proof because the Defendant "did not even attempt to mask the retaliatory animus that motivated its decision to terminate [her] employment . . . ." (Pl. Resp. Br. 5, ECF No. 21.) The Defendant disputes that the Plaintiff can meet her burden to show two of the three elements of her claim: that she engaged in a protected activity and that there was a causal connection between that protected activity and her termination.

**A.     Title VII**

"It is axiomatic that a plaintiff engage in statutorily protected activity before an employer can retaliate against her for engaging in statutorily protected activity." *Durkin v. City of Chi.*, 341 F.3d 606, 614–15 (7th Cir. 2003) (holding that an employer cannot retaliate if there has been no protected expression because there is nothing against which to retaliate); *see also Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 302 (7th Cir. 2004) (quoting *Durkin*). "To demonstrate protected opposition, a plaintiff need not prove that she 'opposed an action that in fact violated Title VII. All that is requires is that she reasonably believed in good faith that the practice she opposed violated Title VII.'" *Gabler v. City of Milwaukee*, No. 14-CV-266, 2018 WL 2100282, at *4 (E.D. Wis. May 7, 2018) (quoting *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 752 (7th Cir. 2002)). "A plaintiff's belief that she opposed an unlawful employment practice is 'in good faith'

5

if it is genuine and is 'reasonable' [and] if it is not 'completely groundless,' meaning that it does not 'rest[ ] on facts that no reasonable person possibly could have construed as a case of discrimination.'" *Id.* (quoting *Ryan Int'l Airlines*, 305 F.3d at 752). "The objective reasonableness of the [Plaintiff's] belief is not assessed by examining whether the [Defendant's] conduct was persistent or severe enough to be unlawful, but merely whether it falls into the category of conduct prohibited by the statute." *Magyar v. St. Joseph Reg'l Med. Ctr.*, 544 F.3d 766, 771 (7th Cir. 2008).

The Plaintiff argues that she had a sincere and reasonable belief that her testimony at the IDWD was in opposition to an unlawful practice. The Plaintiff asserts that her testimony at the IDWD hearing goes "straight to the heart of the pretextual reason for Ms. Sorah's firing." (Pl. Resp. Br. 8.) Therefore, she argues, because her testimony would tend to undermine the Defendant's allegedly legitimate, non-discriminatory reasons for terminating Sorah, the Plaintiff's testimony was in opposition to what she reasonably believed was an unlawful activity. The Plaintiff argues that the fact that she was willing to testify against the Defendant, under oath, and at the risk of her own continued employment is highly persuasive support for her assertion that she held sincere and reasonable beliefs. (*See id.* at 9.)

The Defendant emphasizes the limited nature of the Plaintiff's testimony, arguing that the Plaintiff's testimony was not in opposition to any practice made illegal by Title VII because she was asked only a single question, which was unrelated to Sorah's EEOC complaint: whether the Defendant's management was aware of her work arrangement with Sorah. The Defendant also argues that the IDWD hearing was not an "investigation, proceeding, or hearing" under Title VII because the only topic of the hearing was Sorah's eligibility for unemployment benefits, and the question posed to the Plaintiff at the hearing did not relate to the factual basis for Sorah's

discrimination claims. Moreover, the Defendant argues that the Plaintiff's argument that her testimony undermines its defenses in its case against Sorah in unavailing because the Defendant offered other legitimate and non-discriminatory reasons for Sorah's termination. The Defendant also notes that the Plaintiff has not pointed to any evidence of record that the Plaintiff was even aware that Sorah had filed discrimination charges with the EEOC against the Defendant at the time of the IDWD hearing.

The Court agrees with the Defendant. The IDWD hearing for Sorah's unemployment applications is not an "investigation, proceeding, or hearing" under Title VII. Testifying at an administrative proceeding regarding unemployment benefits is not an opposition to unlawful conduct under Title VII because applying for unemployment benefits is not a protected activity and is completely unrelated to Title VII. *See Small v. WW Lodging, Inc.*, 106 F. App'x 505, 508 (7th Cir. 2004) (finding that "applying for unemployment benefits is not activity protected under Title VII"); *see also McDonald-Cuba v. Santa Fe Protective Servs., Inc.*, 644 F.3d 1096, 1102 (10th Cir. 2011) (granting summary judgment where the plaintiff "fail[ed] to cite any authority recognizing an application for unemployment benefits, without more, as a form of *protected activity* under Title VII); *Edwards v. Creoks Mental Health Servs., Inc.*, 505 F. Supp. 2d 1080, 1093 (N.D. Okla. 2007) ("[F]iling for unemployment compensation [is] entirely unrelated to Title VII."). Because Sorah was not engaging in a protected activity, it cannot be said that the Plaintiff's testimony at the IDWD hearing was in opposition to a protected activity. Moreover, the Plaintiff's testimony was not made for the purpose of establishing a pretextual reasoning for Sorah's termination. *Cf. Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 615 (8th Cir. 2003) (finding that writing letters accusing a bank's president of improper loan procedures was not protected activity under the ADEA because they were not written for the purpose of

opposing age discrimination). At no time did the Plaintiff state, or even imply, during her testimony that Sorah had been terminated unlawfully. *Cf. Garcia-Paz v. Swift Textiles, Inc.*, 873 F. Supp. 547, 559 (D. Kan. 1995) ("Plainly absent from this [ADEA] language is any protection for persons who simply champion the cause of an older worker, even if the advocate acts out of an unarticulated belief that the employer is discriminating on the basis of age.). "[L]iability will not attach unless the activity in question advances beyond advocacy and into recognizable opposition to an employment practice that the claimant reasonably believes to be unlawful." *Id.*

The Plaintiff did not advance beyond advocacy to oppose Sorah's terminations. The Court is hard pressed even to find that her limited testimony at the administrative hearing constitutes advocacy. Any argument regarding the Plaintiff's minimal involvement with Sorah's unemployment claim is not sufficient to demonstrate that she opposed an unlawful act. *See Elliott v. Superior Pool Prods., LLC*, No. 1:15-cv-1126, 2017 WL 1197669, at *5 (C.D. Ill. Mar. 30, 2017) (finding that a question by the defendant regarding whether the plaintiff agreed with another employee's allegations, along with knowledge of, and apparent indifference to, the other employee's lawsuit under the ADA did not rise to the level of opposing an unlawful practice); *Wimbley v. Doyon Sec. Sers., LLC*, No. 14-CIV-20935, 2014 WL 4376148, at *8 (S.D. Fla. Sept. 4, 2014) ("Simply appearing on a potential witness list regarding an employment discrimination complaint and being willing to tell the truth, if asked to, however laudable, is conduct insufficient to constitute opposition protected by Title VII.").

At best, the Plaintiff's testimony may be used as evidence against one of the Defendant's allegedly legitimate reasons for terminating Sorah. The Plaintiff merely contradicted a statement made by the Defendant in defense of Sorah's unemployment claim. Moreover, the Plaintiff has provided no evidence, nor even asserted, that she was aware of Sorah's EEOC charges prior to

testifying at the IDWD hearing. There was no mention during, or prior to the hearing, to the Plaintiff regarding Sorah's discrimination claims. The inference that the Plaintiff would have known about the EEOC charges based on her relationship with Sorah is, on the current record, far too speculative for a jury to reasonably make. Given that the Plaintiff has in no way connected her testimony with a concurrent belief in the illegality of the Defendant's conduct under Title VII, she has not presented evidence from which a reasonable trier of fact could find that she was engaged in a protected activity within the meaning of Title VII. Therefore, the Court will grant summary judgment as to the Plaintiff's Title VII retaliation claim.

**B.     ADA**

The Plaintiff also argues that her testimony was protected activity under the ADA. In this regard, she asserts that she provided "aid and encouragement" to Sorah regarding Sorah's ADA claim. She argues that "[a]n employee who refuses to assist their employer in obfuscating the truth and, instead, aids a co-worker who is pursuing claims for discrimination falls squarely within both the statutory language and intent of the retaliation provisions set forth in Title VII and the ADA." (Pl. Resp. Br. at 10.)

As with Title VII, testifying at an administrative proceeding regarding unemployment benefits is not a protected activity under the ADA. *See Edwards*, 505 F. Supp. 2d at 1093 n.4 (noting that, as with claims under Title VII, "[f]iling claims for unemployment compensation is not a protected activity under the ADA either"). Because Sorah was not engaging in protected activity under the ADA by filing for unemployment—a proceeding completely unrelated to the ADA—the Plaintiff's testimony at the IDWD hearing necessarily cannot have been aiding or encouraging Sorah in a protected activity under the ADA.

## C. Remand to State Court

The Defendant has not moved for summary judgment as to the Plaintiff's remaining state law claim in which the Plaintiff alleges that the Defendant violated Indiana common law by terminating the Plaintiff for her refusal to engage in an activity that could have subjected her to civil or criminal penalties and by "contravening a clear statutory right and/or duty." (Compl. ¶¶ 27–28.) The Defendant asks the Court to relinquish jurisdiction over this claim and remand to an appropriate state court.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" A court has discretion in deciding whether to relinquish jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). *See Zappa v. Gonzalez*, 819 F.3d 1002, 1006 (7th Cir. 2016). The Seventh Circuit has "emphasize[d] that it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). "[T]he principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (citing *Groce*, 193 F.3d at 501). "A court deciding whether to retain jurisdiction should consider judicial economy, convenience, fairness and comity." *Wade v. Trelleborg YSH, Inc.*, No. 3:04-CV-335, 2005 WL 2204874, at *1 (N.D. Ind. Sept. 8, 2005) (citing *Grove*, 193 F.3d at 501).

The Court notes that the Plaintiff has no objection to the Court relinquishing jurisdiction and, indeed, also requests that the Court do so if the Court grants summary judgment over its federal claims. However, "there exists no authority—constitutional, statutory, or otherwise—for

a federal court to order that a case be placed on the docket of a state court when the action is commenced originally in federal court." *Schiffman v. Epstein*, No. 04 Civ 2661, 2009 WL 1787760, at *3 (S.D.N.Y. June 23, 2009); *see also Wade*, 2005 WL 2204874, at *1 (citing *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th Cir. 2002)). This case was originally filed in federal court, so the Court has no power to grant relief in the form requested. The Court can, however, dismiss the remaining claim without prejudice to be re-filed in state court. The Court notes that principles of comity would be served by relinquishment, and sees no significant advantage to judicial economy, convenience, or fairness in retaining jurisdiction over the Plaintiff's state law claim. Rather, "because the discovery phase of these proceedings has passed, there is little concern that repetitious trial preparation will result from the court's relinquishment of jurisdiction." *Id.* Moreover, the parties agree that state court is a more appropriate forum to adjudicate the remaining claims. Therefore, the Court will relinquish jurisdiction and dismiss this case without prejudice.

## CONCLUSION

The Plaintiff has not come forward with sufficient evidence from which a reasonable trier of fact could conclude that her testimony at the IDWD hearing was protected activity under either Title VII or the ADA. Thus, the Plaintiff cannot make out her prima facie case of retaliation. The failure to meet her burden on a single element of the prima facie case is fatal to the Plaintiff's claims, and the Court need not consider the remainder of the parties' arguments. For these reasons, the Court GRANTS the Defendant's Motion for Summary Judgment [ECF No. 19]. The Court also relinquishes jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) and DISMISSES this case WITHOUT PREJUDICE.

11

SO ORDERED on July 31, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT